WILSON, J., DISSENTING:
 

 ¶ 32. The evidence presented at trial was insufficient for a rational juror to find that the State proved its case beyond a reasonable doubt. Accordingly, the conviction should be reversed and rendered. I respectfully dissent.
 

 ¶ 33. The only evidence tying Dennis to the burglary of Tapper's truck is the surveillance video of the crime. Police did not recover any fingerprints from the truck. They did recover three latent prints from Tapper's stolen computer, which was found at a carwash two days later. However, none of the prints was a match for Dennis, and the carwash had no apparent connection to Dennis. No other stolen items were
 recovered, and there was no physical evidence linking Dennis to the crime.
 

 ¶ 34. Of course, a surveillance video that clearly shows the defendant committing the crime would be sufficient evidence to sustain a conviction. And in its brief on appeal, the State asserts that this "video clearly shows Dennis committing the crime." Having carefully reviewed the video, I cannot agree. The man in the video generally resembles Dennis, but given the quality of the video and the distance from which it was taken, all I can say is that the man in the video might or might not be Dennis. I cannot agree that a rational juror could find
 
 beyond a reasonable doubt
 
 that the man
 
 is
 
 Dennis.
 

 ¶ 35. The State emphasizes that Dennis has a six-point star tattoo on his left shoulder, and the man in the video appears to have such a tattoo. However, I never could have concluded that the man in the video had such a tattoo based on the video alone. From a distance, the tattoo could be a six-point star, but that is all I can say. Moreover, there is no evidence that a six-point star is a unique or unusual tattoo.
 

 ¶ 36. The State also emphasizes that Tapper and three police officers opined that Dennis was the man in the video. However, these witnesses had no "greater familiarity with the defendant's appearance than the jury could possess."
 
 Lenoir v. State
 
 ,
 
 222 So.3d 273
 
 , 276 (¶ 13) (Miss. 2017) (affirming a conviction where three witnesses who knew and were familiar with the defendant identified him in a surveillance video of a robbery). The opinions of Tapper and two officers were based solely on their comparisons of the video to photos of Dennis. One officer (Griffin) participated in the arrest of Dennis and testified that he saw Dennis's tattoos, but that one encounter did not give him any special familiarity with Dennis. Nor did it give him any comparative advantage vis-a-vis the jurors, who were provided with closeup photos of Dennis's tattoos.
 

 ¶ 37. Finally, there was hearsay testimony from Tapper and Griffin that other unidentified tipsters identified Dennis as the man in the video. However, none of these tipsters testified, and the record does not disclose the content or basis of their identifications. This hearsay adds nothing to the strength of the State's case.
 

 ¶ 38. "When this Court reviews the sufficiency of evidence supporting a guilty verdict, we view the evidence in the light most favorable to the State and decide if rational jurors could have found the State proved each element of the crime."
 

 Id.
 

 at 279
 
 (¶ 25). But even under this relatively limited standard of review, there must be some evidence of such quality that "a fair-minded, rational juror could find that the State proved its case
 
 beyond a reasonable doubt
 
 ."
 

 Id.
 

 at (¶ 28) (emphasis added). The evidence presented by the State in this case does not permit such a finding. If there were some other evidence linking Dennis to the crime, then Dennis's resemblance to the man in the video certainly could serve as corroborating evidence. But there is no other evidence. The whole case turns on the video.
 
 [2]
 
 I cannot say that the
 man in the video
 
 is
 
 Dennis. Indeed, if I were shown a non-suggestive photo lineup that included the man in the video, I would not be able to identify him with any degree of confidence. Nor do I believe that a rational fact-finder could find,
 
 beyond a reasonable doubt
 
 , that the man is Dennis. Rather, there is a substantial risk that the jury reached that conclusion only because three police officers asserted that the man in the video was Dennis. Neither the video itself nor the officers' opinions is sufficient to sustain the conviction. Accordingly, I respectfully dissent.
 

 GRIFFIS, P.J., JOINS THIS OPINION.
 

 One of the prosecutors made this point in closing argument, stating: "[Defense counsel] is right about one thing. It comes down to the video. And the film does not lie." Thus, this actually is
 
 not
 
 a case in which "we have only a cold, printed record to review."
 
 Ante
 
 at ¶ 20. Nor are we asked to assess the credibility of witnesses or to resolve "conflicts" in the evidence.
 

 Id.
 

 Indeed, there are no material credibility issues or conflicts in the evidence. For all practical purposes, the video
 
 is
 
 the evidence, and the video simply is what it is, regardless of what any witness said about it. The only question for this Court is whether the quality of the video is such that a rational juror could find, beyond a reasonable doubt, that Dennis is the man shown in the video.